# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DANTE PATTISON,

                              Plaintiff,

v.

GARRIT PRUYT, et al.,

                             Defendants.

3:19-cv-00539-RCJ-CLB

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]

Before the court is Plaintiff Dante Pattison's ("Pattison"), application to proceed *in forma pauperis* (ECF No. 1), *pro se* civil rights complaint (ECF No. 1-1), first amended *pro se* civil rights complaint (ECF No. 5), motion for early discovery (ECF No. 1-3), motion for blanket order (ECF No. 1-4), motion to appoint counsel (ECF No. 3), and motion request for summons (ECF No. 6). For the reasons stated below, the court recommends that Pattison's *in forma pauperis* application (ECF No. 1) be granted, his first amended complaint (ECF No. 5) be dismissed with prejudice, and his motion for early discovery, motion for blanket order, motion to appoint counsel, and motion request for summons (ECF Nos. 1-3, 1-4, 3, 6) be denied as moot, in light of this Report and Recommendation.

**I.    *IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000)

---

[1] This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

-1-

(en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1. "[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Pattison cannot pay the filing fee; therefore, the court recommends that the application (ECF No. 1) be granted.

## II. SCREENING STANDARD

Inmate civil rights complaints are governed by 28 U.S.C. § 1915A. Section 1915A provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A complaint is frivolous when "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., delusional scenarios). *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Dismissal for failure to state a claim under § 1915A incorporates the same standard applied in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which requires dismissal where the complaint fails to "state a claim for relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court must accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint need not contain detailed factual allegations, but must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. Particular care is taken in reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, a *pro se* plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

### III.   SCREENING OF FIRST AMENDED COMPLAINT[2]

In his complaint, Pattison sues Defendants Garrit Pruyt, Grant Lee, Kara Legrand, Francis Chelli, and the State of Nevada ex rel NDOC ("defendants") under 42 U.S.C. § 1983, and various Nevada Revised Statutes. (*See* ECF No. 5.) Pattison asserts three claims and seeks declaratory, injunctive, and monetary relief. (*Id.* at 24.) The entirety of Pattison's complaint is related to events stemming from a lawsuit he filed in this District in 2014, Case# 3:14-cv-00020-MMD-VPC. (*Id.* at 1-24.) Pattison alleges the deputy attorneys general involved in the 2014 case committed fraud upon Pattison and the Court by use of "deceit, deception, artifice or trickery, depriving [Pattison] of his day in court." (*Id.* at 3; *see also id.* at 4-15.) Pattison also alleges violations of the Racketeer Influenced and Corrupt

---

[2]   The court finds the First Amended Complaint (ECF No. 5) to be the operative complaint in this case, which it now screens.

1  Organizations Act ("RICO") and various Nevada Revised Statutes with respect to litigation
2  in the 2014 case. (*Id.* at 16-19.)
3        The litigation privilege is a "long-standing common law rule that communications
4  uttered or published in the courts of judicial proceedings are absolutely privileged." *Circus*
5  *Circus Hotels v. Witherspoon,* 99 Nev. 56, 657 P.2d 101, 104 (1983). The policy behind the
6  rule is to grant attorneys and other participants in judicial proceedings "the utmost freedom
7  in their effort to obtain justice...." *Id.; see also Rodriguez v. Panayiotou,* 314 F.3d 979, 988
8  (9th Cir.2002) (privilege applies to any communication with some logical relation to a judicial
9  or quasi-judicial proceeding made by a litigant or other participant in the proceeding).
10       Further, the related doctrines of res judicata and collateral estoppel limit the ability of
11 litigants to relitigate matters. Under the doctrine of res judicata (or the claim preclusion
12 doctrine), "a final judgment on the merits of an action precludes the parties or their privies
13 from relitigating issues that were or could have been raised in that action....Under collateral
14 estoppel [or the issue preclusion doctrine], once a court has decided an issue of fact or law
15 necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a
16 different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90,
17 94 (1980). Res judicata bars not only every claim that was raised but also bars the assertion
18 of every legal theory or ground for recovery that might have been raised in support of the
19 granting of the desired relief. A plaintiff cannot avoid the bar of claim preclusion merely by
20 alleging conduct by the defendant not alleged in the prior action, or by pleading a new legal
21 theory. *See McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986). Although res
22 judicata and collateral estoppel are affirmative defenses, a Rule 12(b)(6) motion is an
23 appropriate motion in which to raise these defenses when the defenses raise no disputed
24 issues of fact. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).
25       The court considers Pattison's complaint an effort to get a second bite at the apple to
26 relitigate issues involved in his 2014 case and finds it is barred by litigation privilege and
27 further barred by the doctrines of res judicata and collateral estoppel. Upon reviewing 3:14-

cv-00020-MMD-VPC, the court notes the case was closed upon the District Court's entry of summary judgment in favor of Defendants on September 23, 2015 (ECF No. 149 in 3:14-cv-00020-MMD-VPC), and the Ninth Circuit affirmed the Court's decision on February 22, 2017 (ECF No. 160 in 3:14-cv-00020-MMD-VPC). Thus, Pattison's remedy, if any, was to timely appeal that decision to raise the issues presented here; however, it appears he failed to do so, and the court may not revive his case sua sponte now. Accordingly, the court, recommends that the complaint be dismissed with prejudice, as amendment would be futile. *See Cato*, 70 F.3d at 1106.

Because the court recommends that the complaint be dismissed with prejudice, the court recommends that Pattison's other pending motions (ECF Nos.1-3, 1-4, 3, 6) be denied as moot.

## IV.    CONCLUSION

For the reasons articulated above, the court recommends that Pattison's application to proceed *in forma pauperis* (ECF No. 1) be granted, Pattison's first amended complaint (ECF No. 5) be dismissed with prejudice, and the motion for early discovery, motion for blanket order, motion to appoint counsel, and motion request for summons (ECF Nos. 1-3, 1-4, 3, 6) be denied as moot, in light of this Report and Recommendation.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

//

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Pattison's application to proceed *in forma pauperis* (ECF No. 1) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that Pattison's first amended complaint (ECF No. 5) be **DISMISSED WITH PREJUDICE**; and

**IT IS FURTHER RECOMMENDED** that Pattison's motion for early discovery, motion for blanket order, motion to appoint counsel, and motion request for summons (ECF Nos. 1-3, 1-4, 3, 6) be **DENIED** as moot, in light of this Report and Recommendation.

**DATED:** January 30, 2020.

_____
**UNITED STATES MAGISTRATE JUDGE**